Dear Representative Mathewson:
This is in response to your request for our opinion as to whether the Missouri Dental Board is required by law to draft certain of its rules in a permissive, rather than prohibitive, style or format, to specifically enumerate by list those duties that dental auxiliary personnel can perform, rather than to state just the functions which may not be delegated by a dentist to his dental assistants or dental hygienists, as do the present rules of the Missouri Dental Board. The referenced rules are4 CSR 110-2.120 and 4 CSR 110-2.130.
Please be advised that Sections 536.010-536.050, RSMo 1978, which generally govern the promulgation and adoption of rules by a state agency, contain no provisions which require that rules be phrased so as to specifically grant one the authority to act, rather than to prohibit certain types of conduct. Likewise, we are aware of no other statutory or constitutional provision, or case law, which requires that a rule be phrased in a permissive sense, as a specific grant of authority, instead of a format wherein only certain conduct is prohibited. The specific statutory grant of rulemaking authority for the Missouri Dental Board, contained in Section 332.031, RSMo 1978, contains no such constraint.
It is the opinion of this office that the Missouri Dental Board is not required to draft its rules so as to specifically list the duties that auxiliary dental personnel can perform, but may phrase its rules so as to permit or prohibit certain conduct, as it deems necessary and proper, within the scope of its rulemaking authority.
Very truly yours,
 JOHN ASHCROFT Attorney General